IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON WAYNE HACHMEISTER,

      Petitioner,

v.              CASE NO. 25-3112-JWL

THOMAS WILLIAMS,

      Respondent.

**MEMORANDUM AND ORDER**

    This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Jason Wayne Hachmeister. Petitioner began this case by filing his petition, on the required, court-approved form (Doc. 1)[1]; a 44-page handwritten document titled "Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus" (Doc. 1-1), which provides additional argument and authorities in support of the petition; 101 pages of exhibits (Docs. 1-2 and 1-3); and a motion seeking a "Court Order To Exceed The 15 Page Limit" (Doc. 2).

    The Rules Governing Section 2254 Cases in the United States District Courts contemplate the filing of a petition (Rule 3), an answer to the petition (Rule 5), and a reply to the answer (Rule 5). *See* 28 U.S.C.A., foll. § 2254. No further briefing is contemplated. Moreover, Rule 4 requires the Court to "promptly examine . . . the petition and any attached exhibits" to determine whether it plainly appears that the petitioner is not entitled to relief. Rule 4 does not mention a brief or memorandum filed in support of the petition, but when supporting arguments and authorities are

---

[1] The designation (Doc. 1) refers to the entry number on the civil docket for this case. For example, the petition, which is the first document filed on the docket is assigned docket number 1 and is referred to here as "(Doc. 1)."

filed at the same time as the petition by a pro se petitioner who is entitled to liberal construction of his or her pleading, the Court regularly construes the supporting arguments and authorities as an attachment to the petition and considers it during in the Rule 4 review.

Because Petitioner proceeds pro se, this Court liberally construes his filings. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Thus, upon receipt of the documents initially submitted by Petitioner—his petition, the supporting pages, and exhibits—the Court liberally construed the document filed at Doc. 1-1 as an attachment in support of the initial petition, which is filed at Doc. 1. The Court conducted an initial review of the petition and its attachments under Rule 4, and on June 30, 2025, the Court issued a memorandum and order denying the motion for leave to file excess pages and directing Respondent to file a Pre-Answer Response (PAR) addressing the timeliness of this matter. (Doc. 5.) This matter comes now before the Court on Petitioner's "Amended Petition Under 28 U.S.C. § 2254 For a Writ of Habeas Corpus," filed on July 16, 2025. (Doc. 6.)

To the extent that Petitioner's latest filing was intended, as it is captioned, to be an amended petition in this matter, it does not conform to the applicable rules. Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts states: "The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." *See* Rule 2, 28 U.S.C.A. foll. § 2254. Under Local Rule 9.1(a), a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (or 28 U.S.C. § 2241) must be filed on "forms approved by the court." See D. Kan. Rule 9.1(a). Because it is not on the required form, Petitioner's "amended petition" (Doc. 6) will be stricken from the record.

Upon review of the record in this matter, however, the Court recognizes that the document in Petitioner's initial submissions that the Court liberally construed as a supporting attachment to

2

the petition was titled similarly to Petitioner's most recent filing. (*Compare* Doc. 1-1 (captioned a petition) *with* Doc. 6 (captioned an amended petition).) In light of this, it seems that Petitioner's previous motion for a "Court Order to Exceed the 15 Page Limit" (Doc. 2) may have been intended to seek the Court's permission to file the 44-page supporting document (Doc. 1-1) that was submitted with the initial petition, not—as the Court understood it—to seek permission to add to the petition pages that had not yet been submitted. Thus, it may be that Petitioner's latest filing (Doc. 6) was intended to replace the 44-page document already filed at Doc. 1-1, in an effort to comply with the Court's denial of Petitioner's previous motion to exceed the page limit.

It was not the Court's intention to convey to Petitioner that he needed to reduce the length of the document filed at Doc. 1-1 that supported his petition or file a replacement document limited to 15 pages. Rather, by denying the motion to file excess pages, the Court held that Petitioner could not submit additional pages to add to his petition. (*See* Doc. 5, p. 2.) The Court assures Petitioner that all of the information in Doc. 1-1 was considered as part of the Court's decision to order a PAR on timeliness.

To clarify the confusion, the Court will take the following steps. First, it will direct the Clerk to rename the document filed at Doc. 1-1 as a "Memorandum in Support." Petitioner is not required to reduce the length of that document or otherwise replace it with a version limited to 15 pages. Second, as explained above, the Court will strike the "Amended Petition" filed at Doc. 6. If Petitioner truly intended to file an amended petition, he may do so, but he must use the required, court-approved form, which the Clerk shall provide.[2] If Petitioner submitted the "Amended

---

[2] To be clear, Petitioner is not required to file an amended petition. He simply is advised that if at any point he chooses to amend his petition in this matter, any amended petition he files in this case must be on the required form and will completely replace the petition now filed at Doc. 1. Any grounds for relief not included in that amended petition will no longer be before the Court. An amended petition is not a supplement to the initially filed petition; it must be complete in and of itself and it may not incorporate by reference other filings with this Court.

3

Petition" (Doc. 6) in an effort to comply with the Court's denial of his motion to exceed the page limit, he need not submit anything else. The supporting memorandum filed at Doc. 1-1 is an appropriate length, considering the complexities of this case.

If Petitioner requires further clarification or if the Court has misconstrued any of his filings thus far, Petitioner may file either a motion for clarification or a response to this memorandum and order. Otherwise, the Court does not anticipate any further filings from Petitioner until the PAR on timeliness is filed by Respondent, after which Petitioner will be granted time in which to respond to the PAR if he chooses to do so. (*See* Doc. 5, p. 2.)

As a final note, the Court acknowledges that Petitioner has summarily requested that counsel be appointed to represent him in this matter. (*See* Doc. 1-1, p. 1 ("Comes now, Jason Hachmeister, petitioner pro se, (but asking for counsel to be appointed) with a writ of habeas corpus . . . .").). To seek appointment of counsel, Petitioner must file a motion for appointment of counsel. The Court will direct the clerk to provide Petitioner with the appropriate form.

**IT IS THEREFORE ORDERED THAT** the Clerk shall rename the document filed at Doc. 1-1 as "Memorandum in Support."

**IT IS FURTHER ORDERED THAT** the Amended Petition (Doc. 6) is stricken from the record for the reasons stated herein. The clerk is directed to provide Petitioner with the forms for filing a motion for appointment of counsel and for filing an amended petition. The clerk also is directed to transmit a copy of this order to the Office of the Kansas Attorney General.

**IT IS SO ORDERED.**

DATED:   This 17th day of July, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
