IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON WAYNE HACHMEISTER,

Petitioner,

v.                                                                              CASE NO. 25-3112-JWL

THOMAS WILLIAMS,

Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Jason Wayne Hachmeister. The operative petition in this matter is the amended petition, filed on July 25, 2025. (Doc. 9.) This matter comes now before the Court on Respondent's limited Pre-Answer response, in which he raises the affirmative defense of timeliness, and Petitioner's reply to the Pre-Answer response. Also before the Court is Petitioner's motion for leave to file excess pages. (Doc. 17.) For the reasons explained below, the motion for leave to file excess pages will be granted and this matter will be dismissed as untimely filed.

Background

In 2015, a jury in Shawnee County convicted Petitioner of first-degree murder and the Shawnee County District Court sentenced him to life in prison without the possibility of parole for 50 years, also called a "Hard 50." (Doc. 9, p. 1-2.) Petitioner pursued a direct appeal, but on June 5, 2020, the Kansas Supreme Court ("KSC") affirmed. *Id.* at 2; *see also State v. Hachmeister*, 311 Kan. 504, 505 (2020). Petitioner advises that he did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 9, p. 3.)

1

On May 25, 2022, Petitioner filed in Shawnee County District Court a motion seeking state habeas relief under K.S.A. 60-1507. *Id.* The parties dispute the ultimate resolution of that case. It is not disputed, however, that on May 29, 2025, Petitioner filed in this Court the petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that began this case. (Doc. 1, p. 14.)

After receiving the § 2254 petition, the Court began the initial review of it required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is proceeding pro se, the Court liberally construes the pleading during this initial review, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

During the Rule 4 review, the Court determined that a limited Pre-Answer Response ("PAR") was appropriate. Thus, on June 30, 2025, the Court ordered Respondent to file a PAR limited to addressing the affirmative defense of timeliness. (Doc. 5.) Petitioner then filed a preemptive "Motion Regarding Timeliness and Exhaustion" that contained arguments regarding timeliness. (Doc. 8.) After obtaining an extension of time, Respondent timely filed the PAR on September 19, 2025. (Doc. 12.)

The Court granted Petitioner time in which to file a reply to the PAR if he wished to do so. (Doc. 13.) On September 22, 2025, Petitioner filed an "exhibit" (Doc. 15) containing arguments in support of his motion regarding timeliness and he timely filed his reply to the PAR on October

24, 2025. (Doc. 16.) Petitioner also filed a motion for leave to file excess pages (Doc. 17) in support of his reply. The motion for leave to file excess pages will be granted and the Court will direct the clerk to docket the pages currently located at Doc. 17-1 as exhibits in support of the reply to the PAR.

## Analysis

The Court has reviewed the parties' briefing on timeliness, including Petitioner's "Motion Regarding Timeliness and Exhaustion" (Doc. 8); the portion of the operative petition addressing timeliness (Doc. 9, p. 13); the PAR (Doc. 12) and exhibits thereto; the additional argument Petitioner filed in support of his motion regarding timeliness (Doc. 15); Petitioner's reply to the PAR (Doc. 16); and the exhibits filed in support of that reply (Doc. 17-1). Although not every argument will be addressed in detail in this order, the parties are assured that the Court has carefully considered each point asserted by the parties.

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could

have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Nothing in the case now before the Court suggests that another subsection of the statute applies to control the date on which the one-year limitation period began. The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

In this matter, the KSC issued its opinion in Petitioner's direct appeal on June 5, 2020. Petitioner advises that he did not file a petition for writ of certiorari. The Tenth Circuit has explained that "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). The Rules of the Supreme Court of the United States allow petitioners ninety days from the date of entry of judgment in highest state court—in Kansas, the Kansas Supreme Court—to seek certiorari. Sup. Ct. R. 13(1).

Contrary to Respondent's argument in the PAR, however, this 90-day window did not apply to Petitioner. (*See* Doc. 12, p. 2-3.) As a result of the COVID-19 pandemic, the Supreme Court temporarily allowed 150 days in which to file a petition for writ of certiorari. *See* Sup. Ct. Misc. Orders dated Mar. 19, 2020 and July 19, 2021. Because this adjusted timeframe was in effect when Petitioner could have filed his petition for writ of certiorari, he had 150 days in which to file a petition for writ of certiorari.

Therefore, the last day on which Petitioner could have timely filed a petition for writ of certiorari was November 2, 2020, not September 3, 2020 as Respondent asserts in the PAR. Petitioner did not file a petition for writ of certiorari, so on November 3, 2020, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the one-year federal habeas limitation period expired at the end the day on November 3, 2021. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003). Yet Petitioner did not file his § 2254 petition until May 29, 2025. (*See* Doc. 1, p. 14.)

**Statutory Tolling**

As noted in the Court's order allowing Petitioner time to respond to the PAR, the federal habeas statute of limitations set forth in the AEDPA includes a tolling[1] provision. (Doc. 12, p. 1.) The tolling provision states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In his briefing to this Court on timeliness, Petitioner largely focuses on the statutory tolling to which he believes he is entitled during the pendency of his K.S.A. 60-1507 proceedings in state court, which he contends is not yet final. (*See*, *e.g.*, Doc. 8, p. 1-5; Doc. 9, p. 13; Doc. 15, p. 1-12; Doc. 16, p. 1-5.) For his part, Respondent argues in the PAR that Petitioner filed his K.S.A. 60-1507 motion in May 2022, which was "well after the federal statute of limitations had expired." (Doc. 12, p. 3.)

Respondent's argument is important because the Tenth Circuit has clearly held: "Only state

---

[1] To "toll" the federal statute of limitations means simply to pause it. *See Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014) (explaining that "[a]s a general matter, equitable tolling pauses the running of, or 'tolls,' a statute of limitations . . . ."); *Whitefield v. Exec. Dir. Of Colo. Dept. of Corr's*, 2024 WL 4212320, *2 (10th Cir. Sept. 17, 2024) (unpublished) ("[T]olling can pause a 'limitations period . . . .'"); *Bevan v. Utah*, 670 Fed. App'x 664, 665 (10th Cir. Nov. 10, 2016) (unpublished) ("Tolling, of course, does not restart the clock; it only pauses it.").

5

petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (citations omitted). In other words, if the one-year federal statute of limitations for filing a federal habeas petition expires before a state prisoner files in state court an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," the federal statute of limitations is not tolled. The timeliness of the K.S.A. 60-1507, which is determined by state law, and whether that action remains pending only affects the timeliness of this federal habeas action if the K.S.A. 60-1507 motion was filed within the one-year federal habeas statute of limitations. As explained above, it was not.

In his reply to the PAR, Petitioner asks the Court to consider *Hollenbeck v. Schnurr*, 2025 WL 2576948 (D. Kan. Sept. 5, 2025) (unpublished). (Doc. 16, p. 3.) Petitioner asserts that *Hollenbeck* "talked about the 'federal habeas statute of limitations <u>resumed running</u> . . . .'" and he argues that "[i]f the habeas statute of limitations <u>resumed</u> running, that means they had stopped running. This was because of the COVID-19 pandemic, and the Administrative Orders put into place by the U.S. Supreme Court, just like the Kansas Supreme Court had done by Administrative Order." *Id.* (emphasis and all errors in original).

Petitioner's reliance on *Hollenbeck* is misplaced. The one-year federal habeas statute of limitations began running for Matthew Hollenbeck on May 30, 2019. *Hollenbeck*, 2025 WL 2576948, at *1. It ran until Mr. Hollenbeck filed a K.S.A. 60-1507 motion on February 24, 2020. *Id.* at *2. When the K.S.A. 60-1507 proceeding became final on August 23, 2024, the federal habeas statute of limitations resumed. *Id.* On the last day of the federal habeas statute of limitations, Mr. Hollenbeck filed a second K.S.A. 60-1507 motion. *Id.* If the second K.S.A. 60-1507 motion was "properly filed," as contemplated by the federal habeas statute of limitations, it would also

6

have tolled the federal habeas statute of limitations, as required by 28 U.S.C. § 2244(d)(2). *See id.* However, because the state district court denied the second K.S.A. 60-1507 motion as untimely, it is not considered "properly filed." *See id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)). The only portion of the Court's order in *Hollenbeck* that uses the word "resumed" explained to Mr. Hollenbeck that his

> argument involving the effect of COVI-19 on his state court proceedings does not help him because the time in which his first K.S.A. 60-1507 was pending has already been tolled. By August 23, 2024, when Petitioner's first K.S.A. 60-1507 motion was final and the federal habeas statute of limitations resumed running, the Kansas state courts were no longer operating under restrictions necessitated by COVID-19.

*Hollenbeck*, 2025 WL 2576948, at *4.

Liberally construing Petitioner's reply to the PAR in this case, he appears to argue that this language shows that the federal habeas statute of limitations was tolled for Mr. Hollenbeck because of the COVID-19 pandemic. But that is not what the order in *Hollenbeck* says. Rather, the federal habeas statute of limitations was tolled for Mr. Hollenbeck under 28 U.S.C. § 2244(d)(2) because he had a properly filed first K.S.A. 60-1507 motion pending in the state district court. The federal habeas statute of limitations resumed when the K.S.A. 60-1507 proceedings were final. In the present case, however, there was no point during the federal habeas statute of limitations when Petitioner had a properly filed K.S.A. 60-1507 motion pending in the state district court. Thus, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) and *Hollenbeck* does not help him.

In summary, for the reasons explained above, the one-year federal statute of limitations for Petitioner to seek federal habeas relief in this Court from his 2015 murder conviction expired on November 3, 2021. He did not file his K.S.A. 60-1507 motion until May 2022. Thus, the K.S.A. 60-1507 motion does not affect the federal habeas statute of limitations, which had already expired.

Petitioner is not entitled to statutory tolling of the federal habeas statute of limitations based on his K.S.A. 60-1507 motion.

*Equitable Tolling*

The order this Court issued allowing Petitioner to reply to the PAR explained that in addition to statutory tolling:

> Petitioner also may choose to argue that he is entitled to equitable tolling of the statute of limitations. Equitable tolling is available "in rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted), "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control," *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). If Petitioner chooses to argue that he is entitled to equitable tolling, he must assert specific facts that support the conclusion that extraordinary circumstances beyond his control prevented him from timely filing this federal habeas petition. He must also show that he was diligently pursuing his claims during the time he wishes this Court to equitably toll the federal habeas statute of limitations.

(Doc. 13, p. 1-2.)

In his reply to the PAR, Petitioner asserts that he is entitled to equitable tolling. (Doc. 16, p. 3, 5.) But even liberally construing Petitioner's arguments on timeliness, he does not develop that argument further. At no point does Petitioner identify a period of time during the running of the federal habeas statute of limitations that he believes should be equitably tolled. He also does not "assert specific facts that support the conclusion that extraordinary circumstances beyond his control prevented him from timely filing" a federal habeas petition on or before November 3, 2021. And he has not demonstrated that he was diligently pursuing his claims during the year in which he could have timely filed this federal habeas matter. As noted above, the Court may not act as Petitioner's advocate or construct arguments for him. *See James*, 724 F.3d at 1315; *Garrett*, 425

F.3d at 840. The Court therefore concludes that Petitioner has not shown that the federal habeas statute of limitations in this matter should be equitably tolled.

***Actual Innocence***

The order allowing a reply to the PAR also explained:

> Petitioner also may choose to argue that his failure to timely file this matter should be excused because the failure to consider his claims will result in a fundamental miscarriage of justice because he is actually innocent. This exception to the statute of limitations is often referred to as "the actual innocence exception" or "the actual innocence gateway" because "actual innocence 'serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.'" *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). In this context, "[a]ctual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). This is because the actual innocence exception exists to provide an avenue to remedy "the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623-24.
>
> To benefit from the actual innocence exception to the federal habeas statute of limitations, Petitioner is not required to conclusively exonerate himself. *See Fontenot*, 4 F.4th at 1030. Rather, he must present to this Court "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). "[T]enable actual-innocence gateway pleas are rare, arising only in an extraordinary case." *Fontenot*, 4 F.4th at 1031. "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021).

(Doc. 13, p. 2-3.)

Petitioner briefly asserts in the operative petition that he is "actually innocent and it would be a fundamental miscarriage of justice to not consider this petition." (Doc. 9, p. 13.) He refers the Court to the "Motion Regarding Timeliness and Exhaustion" for further argument, *id.*, but that motion contains no mention of actual innocence. (*See* Doc. 8.) The Court has carefully reviewed all of the briefing Petitioner has filed regarding the timeliness of this federal habeas matter and

concludes that, even liberally construing all of Petitioner's arguments, he has not presented to this Court any new reliable evidence that satisfies the high standard required to pass through the actual innocence gateway.

## Conclusion

In conclusion, for the reasons set forth above, the Court finds that Petitioner did not timely file the federal habeas petition that began this matter. The last day on which Petitioner could have timely filed a 28 U.S.C. § 2254 petition was November 3, 2021, but he did not file his § 2254 petition until 2025. The statutory tolling provision of the federal habeas statute of limitations does not apply because the time in which Petitioner could file a federal habeas petition under 28 U.S.C. § 2254 expired before he filed his K.S.A. 60-1507 motion in the state district court. Moreover, Petitioner has not shown that the federal habeas statute of limitations should be equitably tolled or that he should be allowed to proceed on his untimely petition by way of the actual innocence gateway. Therefore, this matter must be dismissed as time-barred.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject

to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** the motion for leave to file excess pages (Doc. 17) is **granted**. The clerk is directed to docket the pages currently located at Doc. 17-1 as exhibits in support of the reply (Doc. 16).

**IT IS FURTHER ORDERED THAT** this matter is dismissed with prejudice as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 6th day of November, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
United States District Judge