IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON WAYNE HACHMEISTER

                           **Petitioner,**

      v.                                                                       CASE NO. 25-3112-JWL

THOMAS WILLIAMS,

                           **Respondent.**

## MEMORANDUM AND ORDER

On November 6, 2025, this Court dismissed this federal habeas matter with prejudice because it was untimely filed; the Court also declined to issue a certificate of appealability and judgment was entered the same day. (Docs. 18 and 20.)It comes now before the Court on Petitioner and state prisoner Jason Wayne Hachmeister's motion to alter the judgment (Doc. 21) and his motion for leave to file excess pages (Doc. 22), both filed on December 2, 2025. On December 10, 2025, Petitioner filed an "Addendum To Motion To Alter Or Amend Judgment Pursuant to Rule 59(e)" (Doc. 23) and a second motion for leave to file excess pages (Doc. 24), which are also before the Court.

### Background

In 2015, a jury in Shawnee County, Kansas convicted Petitioner of first-degree murder and the Shawnee County District Court sentenced him to life in prison without the possibility of parole for 50 years. (Doc. 9, p. 1-2.) On June 5, 2020, the Kansas Supreme Court ("KSC") affirmed his conviction. *Id.* at 2; *see also State v. Hachmeister*, 311 Kan. 504, 505 (2020). Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 9, p. 3.)

On May 25, 2022, Petitioner filed in Shawnee County District Court a motion seeking state

habeas relief under K.S.A. 60-1507. *Id.* The parties dispute the ultimate resolution of that case. It is not disputed, however, that on May 29, 2025, Petitioner filed in this Court the petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that began this case. (Doc. 1, p. 14.) After receiving the petition, the Court began the initial review required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court determined that a limited Pre-Answer Response ("PAR") was appropriate, so on June 30, 2025, the Court ordered Respondent to file a PAR limited to addressing the affirmative defense of timeliness. (Doc. 5.)

Respondent timely filed the PAR and Petitioner filed a reply to the PAR. (Docs. 12 and 16.) Petitioner also submitted to the Court additional documents and a motion related to whether the federal habeas petition was timely filed. (Docs. 8, 15.) After considering all of the relevant materials, the Court issued a dispositive memorandum and order ("M&O"). (Doc. 18.) Highly summarized, the M&O concluded that the judgment at issue in this federal habeas case became final on November 2, 2020, and the one-year federal habeas statute of limitations began to run the next day. *Id.* at 3-5. It expired at the end of the day on November 3, 2021. *Id.* at 5.

The M&O also addressed the tolling provision contained in 28 U.S.C. § 2244(d)(2):

> In his briefing to this Court on timeliness, Petitioner largely focuses on the statutory tolling to which he believes he is entitled during the pendency of his K.S.A. 60-1507 proceedings in state court, which he contends is not yet final. (*See*, *e.g.*, Doc. 8, p. 1-5; Doc. 9, p. 13; Doc. 15, p. 1-12; Doc. 16, p. 1-5.) For his part, Respondent argues in the PAR that Petitioner filed his K.S.A. 60-1507 motion in May 2022, which was "well after the federal statute of limitations had expired." (Doc. 12, p. 3.)
>
>   Respondent's argument is important because the Tenth Circuit has clearly held: "Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (citations omitted). In other words, if the one-year federal statute of limitations for filing a federal habeas petition expires before a state prisoner files in state court an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," the federal statute of limitations is not tolled. The timeliness of the K.S.A. 60-1507, which is

> determined by state law, and whether that action remains pending only affects the timeliness of this federal habeas action if the K.S.A. 60-1507 motion was filed within the one-year federal habeas statute of limitations. As explained above, it was not.

(Doc. 18, p. 5-6.)

After explaining why it was unpersuaded by Petitioner's arguments to the contrary, the MOSC summarized its reasoning as follows:

> [T]he one-year federal statute of limitations for Petitioner to seek federal habeas relief in this Court from his 2015 murder conviction expired on November 3, 2021. He did not file his K.S.A. 60-1507 motion until May 2022. Thus, the K.S.A. 60-1507 motion does not affect the federal habeas statute of limitations, which had already expired. Petitioner is not entitled to statutory tolling of the federal habeas statute of limitations based on his K.S.A. 60-1507 motion.

(Doc. 18, p. 7-8.) The MOSC then noted that although Petitioner had briefly asserted that he is entitled to equitable tolling and or to the actual innocence exception to the federal habeas statute of limitations, he had not developed these arguments. *Id.* at 8-10. Thus, because the one-year federal habeas statute of limitations expired in November 2021 and Petitioner did not file his federal habeas petition until 2025, the Court dismissed this matter with prejudice as time-barred and declined to issue a certificate of appealability. *Id.* at 10-11.

As noted above, this matter comes now before the Court on Petitioner's motion to alter or amend the judgment, brought under Federal Rule of Civil Procedure 59(e), and filed on December 2, 2025. (Doc. 21.) The same day, Petitioner also filed a motion for leave to file excess pages, in which he seeks the Court's permission to file 16 pages of exhibits in support of his motion to alter or amend the judgment. (Doc. 22.) The motion for leave to file excess pages (Doc. 22) will be granted and the Court assures Petitioner that it has reviewed and considered the exhibits attached to the motion.

On December 10, 2025, Petitioner filed a document titled "Addendum to Motion to Alter

or Amend Judgment Pursuant to Rule 59(e)" (Doc. 23 (capitalization normalized)) and a second motion for leave to file excess pages (Doc. 24). The Court has accepted Petitioner's December 10, 2025 filings and will grant the second motion for leave to file excess pages. It has reviewed and considered both December 10, 2025 filings, including the exhibit attached to the motion for leave to file excess pages, in deciding the motion to alter or amend the judgment. (Doc. 24-1.)

Petitioner is strongly cautioned, however, that this type of piecemeal motion practice is inefficient and is discouraged. "Every paper filed with the Clerk of this Court . . . requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *See Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 WL 1707399, *5 (D. Kan. June 18, 2025) (unpublished) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). "It is well established that federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002) (citation omitted). Discouraging piecemeal motion practice, in which a party files multiple motions or documents "'when a single omnibus document would suffice . . . causes extra work for this busy Court, which has to read and analyze overlapping and often duplicative arguments.'" *See Vera v. Rodriguez*, 2017 WL 6621048, *1 (D. N.M. Dec. 27, 2017) (citation omitted) (unpublished). The burden of this type of filing is recognized by the instruction on page 6 of the Prisoner Pro Se Filing Guide, available at ksd.uscourts.gov/prisoner-pro-se-filer:   "Do not file a motion if you have another motion on the same subject matter already pending before the Court. Filing multiple motions requesting the same relief is a litigation tactic that strains the resources of the Court and generally delays a decision in the case."

Although Petitioner has labeled his December 10, 2025 documents as supplements to the December 2, 2025 motion rather than a new motion to alter or amend, the effect remains the same. Petitioner's piecemeal filing of arguments in support of his motion to alter or amend the judgment has created extra work for the Court and has delayed the Court's decision on the motion. In the future, Petitioner must present all of his argument in support of a motion at one time, in one document, submitted with or as part of the motion itself. He should not file addenda or supplements to a previously filed motion that contain arguments or exhibits that could have been submitted with the initial motion. "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (citation omitted). If Petitioner continues to engage in piecemeal motion practice, he risks the rejection of such supplemental filings.

**Analysis**

Under Rule 59(e), the Court may grant a motion to alter or amend a judgment only if the moving party establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to present supporting facts that could have been presented in earlier filings. *Servants of the Paraclete*, 294 F.3d at 1012. "Rule 59(e) motions are not second or successive [habeas] petitions, but instead a part of a prisoner's first habeas proceeding." *Bannister v. Davis*, 590 U.S. 504, 517 (2020). Nevertheless, when considering a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.* at 508.

Even liberally construed, the motion to alter or amend the judgment does not assert that

5

there was an intervening change in the controlling law since the M&O issued, nor does it assert the existence of new evidence that could not have been previously obtained through the exercise of due diligence. Thus, the Court liberally construes the current motion to seek to alter or amend the judgment "to correct clear error or prevent manifest injustice."

Petitioner's motion centers on statutory tolling. The statutory tolling provision states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2)). As Petitioner notes in his motion, the federal habeas statute of limitations is not jurisdictional and is not "'an inflexible rule requiring dismissal whenever' its 'clock has run.'" *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (quoting *Day v. McDonough*, 547 U.S. 198, 205 (2006)).

Petitioner's motion to alter or amend the judgment in this matter argues that his K.S.A. 60-1507 motion was "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) or was timely filed under Kansas state law. (Doc. 21, p. 1-5.) He also asserts that he "could not have sought [federal] habeas relief until [he] exhausted state remedies," arguing that if he had filed a federal habeas petition prior to doing so, it would have been subject to dismissal for failure to exhaust. *Id.* at 3. He contends that his K.S.A. 60-1507 motion was "pending" for purposes of statutorily tolling the federal habeas statute of limitations "until the end of the period allowed for [him] to perfect his 60-1507, which because of the Kan. Stup. Ct. Admin. Order 2021-PR-100, did not start until Aug. 2, 2021, which would have given [him] until August of 2022 . . . ." *Id.*

Petitioner's arguments fail for multiple reasons. First, Petitioner could have made these arguments in the briefing on timeliness he submitted before the Court dismissed this matter as time-barred. Thus, they cannot sufficiently support a motion to alter or amend the judgment. *See*

*Bannister*, 590 U.S. at 508 (holding that when deciding a Rule 59 motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued"). Second, the dismissal of this matter did not depend on the timeliness of Petitioner's K.S.A. 60-1507 motion, so his arguments that his K.S.A. 60-1507 motion was timely filed do not persuade the Court to alter or amend the judgment. (*See* Doc. 18, p. 5-6 (explaining that a timely K.S.A. 60-1507 motion "only affects the timeliness of this federal habeas action if the K.S.A. 60-1507 motion was filed within the one-year federal habeas statute of limitations," which Petitioner's was not).)

The M&O quoted language from *Clark v. Oklahoma*, 468 F.3d 711 (10th Cir. 2006), as legal authority for the rule that "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Id.* at 5-6. In his motion to alter or amend the judgment, Petitioner points out that the United States Supreme Court issued its opinion in *Holland*—which states that the federal habeas statute of limitations is not "an inflexible rule requiring dismissal whenever its clock has run"—after the Tenth Circuit's opinion in *Clark*. But *Holland* did not overrule *Clark*, nor did it address statutory tolling. *Holland* focused on equitable tolling, which Petitioner did not sufficiently argue should be allowed in this case. (*See* Doc. 18, p. 8-9); *Holland*, 560 U.S. at 634 ("We here decide that the timeliness provision in the federal habeas corpus statute is subject to equitable tolling. We also consider its application in this case." (Citations omitted.)). Thus, it has no effect on the Court's decision to dismiss this matter as time-barred.

Third, to the extent that orders issued by the Kansas Supreme Court and the United States Supreme Court in response to the COVID-19 pandemic affected the timeliness of this federal habeas matter, such considerations were accounted for in the M&O. (*See* Doc. 18, p. 4-8.) Put simply, the Kansas Supreme Court's administrative order that suspended the deadline for timely

7

filing a K.S.A. 60-1507 motion had no effect on the one-year statute of limitations for filing a federal habeas petition under 28 U.S.C. § 2254, which is set by federal statute. *See Jenkins v. Howes*, 2025 WL 1394264, *2 (D. Kan. May 14, 2025) (unpublished). As explained in the M&O, "[t]he timeliness of the K.S.A. 60-1507, which is determined by state law, . . . only affects the timeliness of this federal habeas action if the K.S.A. 60-1507 motion was filed within the one-year federal habeas statute of limitations." (Doc. 18, p. 3.)

Finally, the Court is unpersuaded by Petitioner's argument that his K.S.A. 60-1507 motion was "pending," as that term is contemplated in § 2244(d)(2), the entire time during which he "could have" perfected his K.S.A. 60-1507 motion. (Doc. 21, p. 2-3.) The plain language of the statutory tolling provision directs tolling while a "properly filed application for State post-conviction or other collateral review . . . is pending." In other words, in order to toll the federal habeas statute of limitations, the State post-conviction motion must be both "properly filed" and "pending." The Court does not agree with Petitioner's argument that that a "properly filed application" can be "pending" before it is filed.

Petitioner cites *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), and its citation to *Mills v. Norris*, 187 F.3d 881, 883 (8th Cir. 1999), to support his argument that this Court should statutorily toll the entirety of the time in which he could have filed a K.S.A. 60-1507 motion. (Doc. 21, p. 2-3.) His reliance is misplaced, as those cases concerned tolling during the statutory period allowed for filing an appeal, not the time period in which a litigant may bring a separate, collateral attack on a conviction. And the Tenth Circuit in *Gibson* recognized the difference between the time in which an appeal could be filed and a time when "nothing was pending" before the state court. *Gibson*, 232 F.3d at 804 ("The state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court."). Petitioner has provided

8

no persuasive legal authority showing that the one year federal habeas limitations period should be statutorily tolled during a time when nothing was pending before a Kansas state court.

The Court has carefully reviewed the caselaw Petitioner cites in support of his argument that he is entitled to statutory tolling of the period before he filed his K.S.A. 60-1507 motion. Even doing so and liberally construing the pro se motion to alter or amend the judgment entered in this matter, the Court remains convinced that it correctly applied the Tenth Circuit's consistent instructions that "[o]nly state petitions for post-conviction relief *filed* within the one year allowed by [§ 2244(d)(1)] will toll the statute of limitations." *See Franklin v. Okla.*, 2025 WL 869775, *2 n. 5 (10th Cir. Mar. 20, 2025) (unpublished) (emphasis added) (quoting *Clark*, 468 F.3d at 714 for this proposition); *see also Proctor v. Whitten*, 2021 WL 5755629, *1 (10th Cir. Dec. 3, 2021) (unpublished) (finding statutory tolling provision did not apply when federal habeas petitioner did not present his claim in state court until after the federal limitations period had already expired); *Jones v. Romero*, 835 Fed. Appx. 973, 976 (10th Cir. Nov. 25, 2020) (unpublished) (quoting *Clark*, 468 F.3d at 714).

On December 10, 2025, Petitioner submitted additional argument in support of his motion to alter or amend the judgment. (Doc. 23.) He argues the undisputed point that a K.S.A. 60-1507 motion qualifies as "collateral review" of his criminal conviction as referenced in the statutory tolling provision of the federal habeas statute of limitations. *Id.* at 1-2. He then argues that this means his K.S.A. 60-1507 motion tolled the federal habeas statute of limitations. *Id.* at 2. This argument ignores the fact that the federal habeas statute of limitations had already expired by the time Petitioner filed his K.S.A. 60-1507 motion. Simply put, there was nothing to toll—the federal habeas statute of limitations was no longer running when Petitioner filed his K.S.A. 60-1507 motion, even though that motion was timely under the applicable Kansas state law.

Next, Petitioner directs the Court to *Jimenez v. Quarterman*, 555 U.S. 113 (2009). (Doc. 23, p. 2.) But *Jimenez* does not affect the calculation of the timeliness of Petitioner's federal habeas petition. As Petitioner states, *Jimenez* concerned the date on which a conviction became final and the federal habeas statute of limitations began to run. (Doc. 23, p. 2.) *See Jimenez*, 555 U.S. at 114 (stating that "this case involves" whether the date on which the judgment becomes final can be postponed by a state court's decision during collateral review to grant a defendant the right to file an out-of-time direct appeal"). Petitioner has already pursued a direct appeal, which became final in November 2020. (*See* Doc. 18, p. 5); *see also State v. Hachmeister*, 311 Kan. 504 (2020). Unlike *Jimenez*, there has been no state-court order reopening Petitioner's direct appeal. Thus, the federal habeas limitation period did not restart.

To the extent that Petitioner intends to apply *Jimenez*' holding about direct appeals to his K.S.A. 60-1507 proceeding, his argument fails. A K.S.A. 60-1507 proceedings is not a direct appeal. "Direct appeal" is a legal term of art with a specific meaning in the context of criminal law and criminal procedure. It refers to an appeal from the judgment of conviction in a criminal case, not a habeas corpus challenge, which is a collateral attack and is separate from the criminal case. *See Marler v. Langford*, 2022 WL 2104232, *5 (D. Kan. June 10, 2022) (unpublished), *cert. of appealability sought on other grounds and denied by Tenth Circuit on* Jan. 30, 2024.

Relatedly, Petitioner argues that his K.S.A. 60-1507 collateral review "is not 'final' for purposes of 2244(d)(1)(A)." (Doc. 23, p. 3.) This argument appears to be based on a misreading or misunderstanding of 28 U.S.C. § 2244(d)(1), which does not involve calculating or assessing the finality of collateral review. It states that the one year federal habeas limitation period can be calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." As explained in the M&O, the judgment at

10

issue in this federal habeas matter became final in November 2020.

Petitioner has shown no persuasive reason for the Court to alter or amend the judgment in this matter. He has not shown that there was an intervening change in the controlling law since the M&O issued, he has not asserted the existence of new evidence that could not have been previously obtained through the exercise of due diligence, and he has not shown the need to correct clear error or prevent manifest injustice. Because he has not satisfied the standard for relief under Rule 59(e), the motion to alter or amend the judgment will be denied. This matter will remain closed.

**IT IS THEREFORE ORDERED** that the motions for leave to file excess pages (**Doc. 22 and Doc. 24**) are **granted**. The Court has considered the exhibits attached to the motions in its analysis of the motion to alter or amend judgment.

**IT IS FURTHER ORDERED** that Petitioner's motion to alter or amend the judgment (Doc. 21) is **denied.** This matter shall remain closed.

**IT IS SO ORDERED.**

DATED:   This 10th day of December, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
